# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabeev Artur, | No. CV-26-01361-PHX-SPL (DMF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Eric Rokosky, et al., | |
| Respondents. | |

**TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 4 at 3).[1]

## I.    BACKGROUND, PROCEDURAL POSTURE, AND HABEAS CLAIMS

Self-represented Petitioner Gabeev Artur ("Petitioner" and/or "Artur") initiated these proceedings by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his immigration detention ("Petition") (Doc. 1).  In the Order screening the Petition, the Court recounted:

Petitioner is a citizen of Russia who does not allege when he entered the

---

[1] Citation to the record as "Doc." indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-26-01361-PHX-SPL (DMF).

United States or accurately specify when he was detained by Immigration and Customs Enforcement (ICE).[2] According to Petitioner, an Immigration Judge ordered his removal on July 9, 2025, and his appeal was rejected twice by the Board of Immigration Appeals (BIA). Petitioner claims that "[t]he Honorable Immigration Judge's decision was made on December 29, 2025," and he was ordered removed.[3] Petitioner claims he submitted a Motion for Reconsideration, but the Motion was "rejected" on February 6, 2026. Petitioner asserts that he has not received an individualized bond hearing.

Petitioner claims that his prolonged detention, absent a bond hearing, is punitive in nature and a violation of his due process rights under the Fifth Amendment. The Court will dismiss Respondents ICE Phoenix Field Office Director and "other officials with custody over Petitioner" as improper Respondents and order Respondents Rokosky and Noem to answer the Petition.

(Doc. 4 at 1-2).

The Court ordered Respondents to answer the Petition and allowed Petitioner 20 days from the date of service of the answer to file a reply (*Id.* at 3). On March 27, 2026, Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 9). Petitioner did not file a reply and his time to do so has expired (*see* Doc. 4 at 3).

As recounted by the Court in its March 3, 2026, Order, Petitioner does not allege when he entered the United States and identifies four different dates as the start of his immigration detention: December 12, 2024 (Doc. 1 at 2); December 14, 2024 (*Id.*); February 16, 2025 (*Id.* at 6); and December 14, 2025 (*Id.* at 4). According to Respondents, Petitioner was taken into custody on December 14, 2024 (Doc. 9 at 2). The parties agree that on July 9, 2025, an Immigration Judge ("IJ") ordered Petitioner's removal (Doc. 1 at 2-4; Doc. 9 at 2). The parties further agree that Petitioner appealed the IJ's order of removal to the Board of Immigration Appeals ("BIA") and the BIA dismissed Petitioner's appeal on December 29, 2025 (Doc. 1 at 2-4; Doc. 9 at 2). The parties also agree that Petitioner's

---

[2] Petitioner alleges he has been detained since December 12, 2024; December 14, 2024; February 16, 2025; and December 14, 2025. (Doc. 1 at 2-4, 6.)

[3] It appears Petitioner is referring to the BIA decision.

motion to reconsider the BIA's decision was denied on February 6, 2026 (Doc. 1 at 2; Doc. 9 at 2).  Based on the publicly available ICE Online Detainee Locator System, Petitioner remains in custody at the Eloy Detention Center.[4]

In his Petition, Petitioner challenges his detention without an individualized bond hearing (Doc. 1 at 2, 4).  Petitioner argues that his continued civil detention without a bond hearing is punitive in nature and that his detention is prolonged in violation the Due Process Clause of the Fifth Amendment (*Id.* at 2, 4).  Petitioner does not state his position regarding which statute governs his present detention.  For relief, Petitioner asks the Court to order his release from ICE custody or, in the alternative, an individualized bond hearing as well as order "any other relief the Court deems just and proper" (*Id.* at 2, 5)

In their March 27, 2026, Answer, Respondents argue that Petitioner is subject to a final order of removal therefore Petitioner's detention is governed by 8 U.S.C. § 1231 (Doc. 9 at 2).  Respondents further argue that the 90-day removal period outlined in § 1231 had not yet elapsed and Petitioner's detention during such time is mandatory (*Id.*).  Respondents also argue that Petitioner's removal is likely and aver that "ICE is taking active steps to remove any impediments towards removing Petitioner to Russia" (*Id* at 3-4).[5]  With Answer, Respondents attached no declaration or supporting documentation of any kind (*see id.*).

Petitioner did not file a reply and the time to do so has expired (*see* Doc. 4 at 3).

---

[4] *See* https://locator.ice.gov/odls/#/search (last accessed May 29, 2026).

[5] Respondents also argue that "[o]nly the warden is a proper respondent" and request the Court to "dismiss all Respondents other than the warden" (Doc. 9 at 1 n.1).  "[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  The Ninth Circuit Court of Appeals has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024).  Although *Doe* and *Padilla* set forth the rule that a habeas petitioner must name the warden of the facility where they are detained, the decisions did not preclude naming more than one Respondent as long as the immediate custodian is named.  Because Petitioner named his immediate custodian Warden Eric Rokosky as Respondent, the dismissal of the remaining Respondents is not recommended.

## II.   DISCUSSION

### A.   Jurisdiction

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1), (3).  Generally, "challenges to the statutory framework that permits the alien's detention without bail," *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018), "questions of law" raised in the application or interpretation of detention statutes, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011), and "[c]laims that the discretionary bond process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241."  *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)).  Thus, this Court has jurisdiction over the Petition.

### B.   Petitioner's Detention is Not Unlawful

Four statutes grant the Government authority to detain certain aliens during removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a).  *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023).  An alien's place "within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  *Id.* (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008)).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  As relevant here, the 90-day removal period begins on "[t]he date the order of removal becomes administratively final."  8 U.S.C. § 1231(a)(1)(B)(i).  Section 1231 authorizes the detention of inadmissible aliens subject to a final order of removal "during" and "beyond" the 90-day "removal period."  8 U.S.C. § 1231(a)(2), (a)(6).

Here, the parties agree that Petitioner was ordered removed by an IJ and Petitioner's

appeal was dismissed by the BIA on December 29, 2025. Thus, Petitioner's removal order became final on December 29, 2025, upon the BIA's dismissal of Petitioner's appeal. *See* 8 C.F.R. § 1241.1(a). Under § 1231(a)(2)(A), Petitioner's detention was mandatory during the 90-day removal period following December 29, 2025. 8 U.S.C. § 1231(a)(2)(A).

Although there is no statutory limit to the length of detention beyond the removal period, the Supreme Court in *Zadvydas* held that an alien's post-removal-period detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States. [Section 1231] does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). More specifically, the alien may be detained for up to six months, after which the alien will be released "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and the Government fails to rebut the alien's showing. *Id.* at 701.

Courts have found that a petitioner may meet his burden to show good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future by alleging that his country of removal has refused or is unable to issue a travel document. *See, e.g.*, *Eshaghian v. Howard*, No. CV-25-04141-PHX-DWL (ASB), 2026 WL 63451, at *3 (D. Ariz. Jan. 8, 2026) (finding petitioner met his initial burden by proffering unrebutted evidence that he lacks original documents, such as a birth certificate or passport, sufficient to obtain travel documents from his country of removal). However, a petitioner fails to meet his burden by making a bare allegation of no significant likelihood of removal without factual allegations in support of his claim. *See e.g.*, *Loussaief v. Wolf*, No. CV-21-00042-PHX-JAT (MHB), 2021 WL 214572, at *2 (D. Ariz. Jan. 21, 2021) (finding petitioner did not allege sufficient facts to support that his country of removal refused to issue travel documents or otherwise indicate his removal is not feasible).

Here, Petitioner filed these proceedings during the mandatory 90-day removal period following the December 29, 2025, final removal order; Petitioner has now been detained for approximately five months after a final order of removal. Petitioner's detention is "presumptively reasonable" because it has not yet exceeded the six-month

period adopted by the Supreme Court in *Zadvydas*. 533 U.S. at 701. Furthermore, Petitioner has not argued, much less demonstrated, that there is no significant likelihood of removal in the reasonably foreseeable future nor has he alleged facts in support of such a claim. Accordingly, Petitioner has failed to meet his initial burden to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Thus, Petitioner was not at the time of the Petition entitled to relief, and he is not presently entitled to any relief.

**III.    CONCLUSION**

Relief based on the Petition is not warranted, and the Petition should be denied.

Accordingly,

**IT IS RECOMMENDED** that no relief be granted to Petitioner in this matter, that the Petition (Doc. 1) be denied, and that the Clerk of Court be directed to terminate this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72. In addition, LRCiv 7.2(e)(3)

///

///

Case 2:26-cv-01361-SPL   Document 12   Filed 05/29/26   Page 7 of 7

provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 29th day of May, 2026.

_____
Honorable Deborah M. Fine
United States Magistrate Judge